# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3928

———————

Donald E. VanDeWalker,

                 Appellant,

     v.

Kawasaki Motors Manufacturing Corp.,
U.S.A.,

                 Appellee.

Appeal from the United States
District Court for the District
of Nebraska.

[UNPUBLISHED]

———————

Submitted: April 13, 2000

Filed: May 2, 2000

———————

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

———————

PER CURIAM.

     Donald VanDeWalker and his wife were employed by Kawasaki Motors Manufacturing Corp., U.S.A. (Kawasaki). Shortly after VanDeWalker's wife brought an employment discrimination lawsuit against Kawasaki, Kawasaki terminated VanDeWalker. VanDeWalker, in turn, filed a lawsuit against Kawasaki, alleging he was fired in retaliation for his wife's legal action. The district court granted summary judgment for Kawasaki, concluding VanDeWalker failed to establish a prima facie case of retaliation because "there is no dispute that [VanDeWalker] deliberately refrained

from engaging in any protected activity himself." <u>See</u> <u>Smith v. Riceland Foods, Inc.</u>, 151 F.3d 813, 818 (8th Cir. 1998) (prima facie case of retaliation requires showing that plaintiff engaged in statutorily protected activity, plaintiff suffered an adverse employment action, and there was a causal connection between adverse employment action and protected activity). On appeal, VanDeWalker argues that, although he did not personally engage in statutorily protected activity, his wife's legal action is sufficient to establish his prima facie case of retaliation. We disagree. As this court has stated:

> We believe that the rule . . . that a plaintiff bringing a retaliation claim need not have personally engaged in statutorily protected activity if his . . . spouse . . ., who works for the same employer, has done so – is neither supported by the plain language of Title VII nor necessary to protect third parties, such as spouses . . ., from retaliation. . . . Accordingly, we hold that a plaintiff bringing a retaliation claim under Title VII must establish that [he] personally engaged in the protected conduct.

<u>Smith</u>, 151 F.3d at 819. We thus affirm the district court's grant of summary judgment for Kawasaki.

McMILLIAN, Circuit Judge, concurring.

I concur because our panel is bound by this court's holding in <u>Smith v. Riceland Foods, Inc.</u>, 151 F.3d 813 (8th Cir. 1998). Because I disagree with the holding in <u>Smith</u>, however, I believe the court should reconsider this case en banc.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.